UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ANTHONY CHANEY** | **CIVIL ACTION** |
| | **No. 10-316** |
| **VERSUS** | **c/w 12-824** |
| | **REF: 10-316** |
| **STEPHEN LUCIA** | **SECTION I** |

## ORDER AND REASONS

Before the Court is the motion[1] for summary judgment filed by defendants, Sheriff Rodney J. Strain, Jr. et al., for dismissal of plaintiff's complaint as *Heck* barred. Plaintiff, Anthony Chaney ("Chaney"), has filed an opposition,[2] and the parties have filed supplemental briefs.[3] At this time, Detective Stephen Lucia ("Lucia") is the sole remaining defendant, and Chaney's 42 U.S.C. § 1983 excessive force claim is the sole remaining claim. For the following reasons, the motion is **DENIED**.

### *BACKGROUND*

At approximately 8:00 p.m. on the evening of February 4, 2009, members of the Criminal Investigations, Narcotics, and Criminal Patrol divisions of the St. Tammany Parish Sheriff's Office ("STPSO") executed a search warrant at a residence in Slidell, Louisiana.[4] The parties disagree on what transpired during the execution of the warrant, including the circumstances relative to Lucia's shooting Chaney in the face. The parties appear to agree that, within a matter of seconds,[5] Chaney

---

[1] R. Doc. No. 49.
[2] R. Doc. No. 53.
[3] *E.g.*, R. Doc. Nos. 57, 66-67.
[4] R. Doc. No. 53-1, at 2.
[5] *E.g.,* R. Doc. No. 67, at 9.

-1-

attempted to disarm Lucia and Lucia shot Chaney in the face, although which of these events occurred first is unclear.

Chaney avers that on the evening of February 4, he was visiting the Slidell residence.[6] Just prior to the arrival of the STPSO officers, he was seated on a loveseat in the living room, playing a video game.[7] He was facing the television, and the left side of his face was facing the front door.[8] Chaney heard a "hard knock," "quickly followed by a kick and the door flew open."[9] "Startled, [Chaney] quickly began to rise off the loveseat when a shot was fired by the first officer through the front door, after which several more officers rushed through."[10] "The shot struck [Chaney's] left cheekbone and lodged in the right side of [his] jaw."[11] Chaney concedes that the jury's guilty verdict in his state court criminal case establishes that he "did or omitted an act for the purpose of and tending directly toward the accomplishing of his object, *viz.*, taking the possession of law enforcement equipment (i.e., Lucia's firearm)."[12] Chaney contends that he never touched or grabbed any officer's hand or weapon.[13]

According to Lucia, prior to his entry, "he knocked on the front door, loudly announced himself as a police officer, received no response, and then forced open the door.[14] When Lucia

---

[6] R. Doc. No. 66-1, ¶ 2.
[7] *Id.* ¶¶ 3-4.
[8] *Id.* ¶ 4.
[9] *Id.* ¶ 6.
[10] *Id.* ¶ 7.
[11] *Id.* ¶ 8.
[12] R. Doc. No. 53, at 9.
[13] R. Doc. No. 66-1, ¶¶ 9-10.
[14] R. Doc. No. 49-1, ¶ 3. The Court notes that Lucia's statement of facts does not provide pin cites to a particular exhibit, much less to a particular page number. Accordingly, the Court refers to the statement of facts rather than the evidence submitted by Lucia. *See id.* ¶ 2 (citing, for each proposition, "id." which would refer generally to numerous exhibits). This has not assisted with the analysis of the pending motion.

entered the residence, he saw several individuals in the living room and he "again loudly identified himself as a police officer and ordered the persons to lie facedown on the floor."[15] While everyone else complied, Chaney was defiant, rising to his feet and mumbling a challenge as to what Lucia was going to do.[16] Once close enough to Chaney, Lucia used his left hand to check Chaney's waist for weapons, while Lucia held his own firearm in his right hand.[17] Chaney "then quickly and forcefully reached out his left hand and grabbed Det. Lucia's right hand, placing his hand on both Det. Lucia's hand and on the weapon."[18] "Lucia immediately responded to this provocation by jerking his hand out of Mr. Chaney's grip and discharging a single round of his weapon, which struck Mr. Chaney in his cheek."[19]

This Court stayed and administratively closed the above-captioned matter pending resolution of the criminal charges against Chaney.[20] Following Chaney's conviction for attempted disarming of a peace officer, the Court granted Chaney's unopposed motion to reopen the case.[21] The Court ordered supplemental briefing after the submission of the motion for summary judgment because the Court was unclear as to whether the parties disagreed on when, relative to the attempt to disarm, Lucia shot Chaney.[22]

---

[15]*Id.* ¶ 4.
[16]*Id.* ¶ 6.
[17]*Id.* ¶ 7.
[18]*Id.* ¶ 8.
[19]*Id.* ¶ 10.
[20]R. Doc. No. 34.
[21]R. Doc. No. 43.
[22]R. Doc. No. 60. The prior briefing was unclear as to whether Chaney was asserting that Lucia shot Chaney in response to Chaney's attempt to disarm Lucia.

## *STANDARD OF LAW*

Summary judgment is proper when, after reviewing the pleadings, the discovery and disclosure materials on file, and any affidavits, the court determines there is no genuine issue of material fact. *See* Fed. R. Civ. P. 56. The party seeking summary judgment always bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the record that it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The party seeking summary judgment need not produce evidence negating the existence of material fact, but need only point out the absence of evidence supporting the other party's case. *Id.* at 323; *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1195 (5th Cir. 1986).

Once the party seeking summary judgment carries its burden pursuant to Rule 56, the other party must come forward with specific facts showing that there is a genuine issue of material fact for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The showing of a genuine issue is not satisfied by creating "'some metaphysical doubt as to the material facts,' by 'conclusory allegations,' 'unsubstantiated assertions,' or by only a 'scintilla' of evidence." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (citations omitted). Instead, a genuine issue of material fact exists when the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The party responding to the motion for summary judgment may not rest upon the pleadings, but must identify specific facts that establish a genuine issue. *Id.* The nonmoving party's evidence, however, "is to be believed, and all justifiable inferences are to be drawn in [the nonmoving party's] favor." *Id.* at 255; *see Hunt v. Cromartie*, 526 U.S. 541, 552 (1999).

*ANALYSIS*

Lucia has moved for summary judgment on the basis that Chaney's excessive force claim is barred pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994).[23]

As a threshold matter, Chaney contends that the only admissible evidence before the Court is his own. Chaney specifically argues that the state court trial transcript of Lucia's testimony is hearsay and that it is inadmissible unless Lucia is unavailable. However, "[i]t is well-settled that a certified transcript of a judicial proceeding may be considered on a motion for summary judgment." *In re Katrina Canal Breaches Consol. Litig.*, No. 05-4182, 2012 WL 956494, at *4 (E.D. La. Mar. 20, 2012) (Duval, J.) (quoting *Kelley v. Price-Macemon, Inc.*, 922 F.2d 1408, 1415 n. 12 (5th Cir. 1993) (King, J.)). The Court need not address Chaney's other evidentiary challenges because Chaney's affidavits and the limited portion of the trial transcript provided by Lucia are sufficient for the Court to determine that, in light of the presentation of the issues and the arguments made in this case, *Heck* does not bar Chaney's suit.

In *Heck v. Humphrey*, the Supreme Court held that "when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." 512 U.S. at 487. On the other hand, if "the plaintiff's action, even if successful, will

---

[23]Qualified immunity was not raised in the pending motion or in any other motion. It was only recently raised pursuant to an order, issued after the pretrial conference, directing Lucia to file an answer formally raising that defense. *See* R. Doc. No. 61. The Court expresses no view as to whether qualified immunity applies.

not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit." *Id.*

Chaney was charged and convicted of the attempted disarming of a peace officer, in violation of Louisiana Revised Statute Sections 14:34.6 and 14:27.[24] Section 14:34.6 provides:

> Disarming of a peace officer is committed when an offender, through use of force or threat of force, and without the consent of the peace officer, takes possession of any law enforcement equipment from the person of a peace officer or from an area within the peace officer's immediate control, when the offender has reasonable grounds to believe that the victim is a peace officer acting in the performance of his duty.

Section14:27 defines attempt as having the "specific intent to commit a crime" and "do[ing] or omit[ting] an act for the purpose of and tending directly toward the accomplishing of his object." "Mere preparation to commit a crime" does not "constitute an attempt" pursuant to Section 14:27, and it is "immaterial whether, under the circumstances, [a defendant] would have actually accomplished his purpose." The jury in the criminal case received instructions consistent with the statutes.[25]

Lucia contends that if Chaney were to succeed in this civil proceeding, it would necessarily imply the invalidity of his conviction for the attempt to disarm an officer because Chaney denies any attempt to disarm Lucia. While Chaney's complaint, drafted before his conviction, denies "that he reached for the arm and/or weapon of Defendant Lucia," his subsequent affidavits and legal argument take a more nuanced position.[26] Chaney's affidavits merely deny that he ever touched or grabbed a weapon; they do not deny that he reached for the weapon or otherwise attempted to disarm

---

[24]R. Doc. No. 53-1, at 8.
[25]R. Doc. No. 49-14.
[26]There was no motion to dismiss on *Heck* grounds.

Lucia.[27] Moreover, Chaney now expressly acknowledges that he cannot deny an attempt to disarm Lucia but asserts that Lucia's use of force was nonetheless objectively unreasonable.[28]

Here, as in *Bush v. Strain*, 513 F.3d 492, 498 (5th Cir. 2008) (Owen, J.), "there is conflicting evidence about whether [plaintiff] was injured before or after [his criminal conduct] ceased, and the crux of the dispute is whether the factual basis for [plaintiff's claim] is inherently at odds with the facts actually or necessarily adjudicated aversely to [plaintiff] in the criminal proceeding." *Id.* at 498. The Fifth Circuit in *Bush*, 513 F.3d at 498 n. 14, cited *McCann v. Neilsen*, 466 F.3d 619, 621 (7th Cir. 2006) (Sykes, J.), for the proposition that a plaintiff's specific factual allegations in a civil case may be "necessarily inconsistent" with a criminal conviction, notwithstanding any "theoretical compatibility." The *McCann* court reversed the district court's grant of summary judgment to defendants on *Heck* grounds, however, because the district court interpreted an "ambiguously worded paragraph" in a complaint as inconsistent with a plaintiff's criminal conviction, rather than making all justifiable inferences in the plaintiff's favor. *McCann*, 466 F.3d at 621.

Chaney's complaint and affidavits, taken together, suggest that he was subject to the alleged use of excessive force at *approximately* the same time he attempted to disarm Lucia. The evidence in the summary judgment does not demonstrate when, exactly, these events occurred relative to one another. Moreover, Chaney has remained silent as to what, other than standing up, he did to justify his conviction for attempted disarment of a police officer, but he has alternatively argued that, to the extent there was a struggle, any such struggle occurred after he was shot.[29] Chaney's allegations and

---

[27]R. Doc. No. 66-1, ¶¶ 9-10.
[28]R. Doc. No. 53, at 9.
[29]R. Doc. No. 66, at 2. *Compare Gilbert v. Cook*, 512 F.3d 899, 902 (7th Cir. 2008) (Easterbrook, C.J.) (suggesting that a plaintiff may remain "agnostic" as to his criminal conviction, and "[a]n argument along the lines of 'The guards violated my rights by injuring me, whether or not I struck

the very limited summary judgment record are insufficient for the Court to conclude that Chaney's excessive force claim necessarily calls into question his criminal conviction.

Lucia argues that (1) the criminal case's jury found him credible; (2) a civil verdict for Chaney would require the civil case's jury to find Lucia's testimony not credible; and (3) the incongruence in the potential credibility determinations means that Chaney's claim is barred by *Heck*. The Court concludes this argument is simply too broad because the relevant question is what facts were necessary to "sustain the conviction." *Bush*, 513 F.3d at 499. The state court jury's general verdict does not represent a finding that every detail as to which Lucia testified was truthful, and the state court jury did not need to make any finding with respect to when the shot was fired in order to convict Chaney of attempting to disarm Lucia. While Lucia suggests that Chaney's narrative implicates a theory of self defense that would be barred as inconsistent with his criminal conviction, this reading is just one interpretation of Chaney's affidavits.[30] Chaney has not been deposed to explain his affidavits or proposed version of events, and the Court must make all justifiable inferences in Chaney's favor at this stage.

Lucia additionally argues that Chaney's "rising up" could not possibly have been part of the jury's verdict, "because it never heard any part of the scenario now being urged by Mr. Chaney!"[31] But the jury did hear testimony that Chaney stood up to challenge Lucia.[32] That Chaney "stood up" when Lucia entered appears to be one of the only facts on which the parties agree. While

---

first' does not present the sort of inconsistency that doom[s]" a suit under *Heck*.)

[30] The Court notes that a natural reading of Chaney's affidavits and legal arguments does not suggest that he was acting in self defense.

[31] R. Doc. No. 67, at 2-3.

[32] R. Doc. No. 49-6, at 26.

Chaney is silent as to the other testimony heard by the jury, his silence does not contradict his state court conviction.

The chronology of Chaney's attempt to disarm Lucia and Lucia's shooting of Chaney presents "material, disputed facts pertinent to [Chaney's] excessive force claim that were not necessary to sustain [his] conviction." *Bush*, 513 F.3d at 499. Chaney has come forward with evidence that he attempted to disarm Lucia either just before, while, or just after, Lucia shot him. The Court cannot determine on this summary judgment record, making all justifiable inferences in Chaney's favor, whether any of these sequences of events would be necessarily inconsistent with Chaney's conviction. *See Howard v. Del Castillo*, No. 00-3466, 2001 WL 1090797, at *4 (E.D. La. Sept. 17, 2001) (Clement, C.J.) (concluding, where facts were insufficient to determine sequence of criminal conduct and alleged civil rights violation, summary judgment should be denied) (cited approvingly in *Bush*, 513 F.3d at 498 n. 13). The Court emphasizes that it has only a small part of the trial transcript and the jury's general verdict. The Court does not have Chaney's deposition or other evidence that might permit it to conclude whether Chaney's version of events was necessarily rejected by the criminal case jury.

**IT IS ORDERED** that the motion is **DENIED**.

New Orleans, Louisiana, May 15, 2013.

_____
LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE